1  Andrew J. Kahn, SBN 129776
   ajk@dcbsf.com
2  Elizabeth A. Lawrence, SBN 111781
   eal@dcbsf.com
3  DAVIS COWELL & BOWE
   595 Market St. #1400
4  San Francisco CA 94105
   Tel. (415) 597-7200
5  Fax (415) 597-7201
6

7  *Attorneys for Plaintiff*

8
                  **UNITED STATES DISTRICT COURT**
9
                 **NORTHERN DISTRICT OF CALIFORNIA**
10
                      **SAN JOSE DIVISION**
11

12  UNION OF AMERICAN PHYSICIANS &        CASE NO.   CV-12-3790 HRL
13  DENTISTS,

14         Plaintiff,

15         v.                             **FIRST AMENDED VERIFIED**
                                          **COMPLAINT FOR INJUNCTIVE**
16                                        **AND DECLARATORY RELIEF**
    COUNTY OF SANTA CLARA; DOES 1-       [42 USC §1983; 28 USC §§1367, 2201]
17  10;

18         Defendants.

19

20

21  Plaintiff alleges:

22                      **NATURE OF ACTION**

23         1.      This is an action challenging Santa Clara County's threat to discharge all its clinic

24  physicians if they do not assign to the County their right to receive incentive payments from

25  Medicare/Medicaid for learning to use a new Electronic Health Records (EHR) system in lieu of

26  the existing system. This threat is unlawful as the federal statute makes clear that assignment of

27  these payments by medical providers to their employer must be entirely voluntary. Such

28  discharges would also be tortious under California's common law of wrongful discharge in

                                        1

violation of public policy. The Court should issue preliminary equitable relief and/or declaratory relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 42 USC §1983 and 28 USC §§1331, 1343, 1367 and 2201.

3.      Venue is proper in this Division pursuant to 28 USC §1391(b) because events giving rise to this claim arose within this Division.

## COMMON ALLEGATIONS

4.      Plaintiff Union of American Physicians and Dentists ("UAPD") is an employee organization which has been and is the recognized representative of the physicians employed by Santa Clara County in its freestanding clinics outside Valley Medical Center.

5.      UAPD has standing to pursue the claims herein for declaratory and injunctive relief pursuant to *UAW v. Brock,* 477 US 274 (1986)  and similar cases.  If UAPD lacks standing to pursue any claim herein, it will seek leave to amend this complaint to name the individual physicians as co-plaintiffs.

6.      Defendant County of Santa Clara ("the County") is a political subdivision of the State of California.

7.      The American Recovery and Reinvestment Act of 2009 contains a title known as the  Health Information Technology for Economic and Clinical Health Act (or "HITECH Act") of 2009.  This  provides for the federal government to provide funding to states to make incentive payments to physicians who learn and use Electronic Health Records (EHR) instead of traditional paper recordkeeping.  The Act includes the following provisions:

> SEC. 4201. MEDICAID PROVIDER HIT ADOPTION AND OPERATION PAYMENTS; IMPLEMENTATION FUNDING.(a) In General.—Section 1903 of the Social Security Act (42 U.S.C. 1396b) is amended—
> *** (2) by inserting after subsection (s) the following new subsection:
> "(t) (1) For purposes of subsection (a)(3)(F), the payments described in this paragraph to encourage the adoption and use of certified EHR technology are payments made by the State in accordance with this subsection —
> (A) to Medicaid providers described in paragraph (2)(A) ***

2

---

(6) Payments described in paragraph (1) are not in accordance with this subsection unless the following requirements are met:

(A)(i) The State provides assurances satisfactory to the Secretary that amounts received under subsection (a)(3)(F) with respect to payments to a Medicaid provider **are paid, subject to clause (ii), directly to such provider (or to an employer or facility to which such provider has assigned payments) without any deduction or rebate.**
(ii) **Amounts described in clause (i) may also be paid to an entity promoting the adoption of certified EHR technology, as designated by the State, if participation in such a payment arrangement is voluntary for the eligible professional involved** and if such entity does not retain more than 5 percent of such payments for costs not related to certified EHR technology (and support services including maintenance and training) that is for, or is necessary for the operation of, such technology. * * * ''

(emphasis supplied).

Related federal regulations are contained in 42 CFR 495.310(k)(l) and 42 CFR 495.332(c)(9).

8.    UAPD members employed by the County are eligible for EHR incentive payments but the County through then-Chief Medical Officer Alfonso Banuelos and others have threatened UAPD members with discharge if they do not assign over to the County the incentive payments due them.  Assignment forms were first distributed by the County in the week of July 16, 2012.

9.    The assignment being demanded is not truly voluntary. Courts often hold that agreements secured under threat of discharge are not voluntary. See, e.g., *Johnson v. City of Columbia*, 949 F.2d 127 (4th Cir. 1991); *Restatement (2nd) of Contracts* section 176, Illustration 11: "A makes a threat to discharge B, his employee, unless B releases a claim that he has against A. The employment agreement is terminable at the will of either party, so that the discharge would not be a breach by A. B, having no reasonable alternative, releases the claim. A's threat is a breach of his duty of good faith and fair dealing, and the release is voidable by B."; *Laemmar v. J. Walter Thompson Co.*, 435 F.2d 680, 682 (7th Cir. 1970)("We agree that, as a matter of law, the threat of discharge from one's employment may constitute duress which would make voidable a contract executed while a party was under such a threat."); *Reiver v. Murdoch & Walsh, P.A.*, 625 F.Supp. 998, 1013-14 (D.Del. 1985)(following cases which "have recognized

3

the validity of claims or defenses based on economic duress involving the threatened termination of at-will employees."); *Gerber v. First Nat. Bank of Lincolnwood*, 332 N.E.2d 615 (Ill. App. 1975).

10.    Defendants Does 1-10 are other persons or entities whose identities are not known to Plaintiff but who are also responsible in part for the violations described herein or are necessary parties to this action in order to provide Plaintiff and its members with complete relief.

11.    Plaintiff UAPD and its members and the public are suffering irreparable injuries from Defendants' conduct and are threatened with further such injuries should the County carry out its threat,  including chilling UAPD members in exercising their right to withhold assignment, discouraging UAPD members from taking the extra time and effort to learn EHR systems, discouraging UAPD members from engaging in UAPD activities, weakening UAPD's bargaining power, and if doctors are discharged, creating a stigma for them adversely impacting them in seeking  new employment and chilling Plaintiff's efforts to attract qualified new doctors to employment by the County so as to relieve high workloads.

12.    All doctors in UAPD's unit had to spend additional time learning the County's existing EHR system and dealing with its problems, extra work for which their regular caseloads were not reduced.  They will have to spend time on the new EHR systems. Several doctors in UAPD's unit have private practices where they have already or will have to spend their own money on adopting EHR in order to qualify for these incentive payments.

## FIRST CAUSE OF ACTION:
## VIOLATIONS OF 42 USC §1983

13.    Plaintiff incorporates herein the foregoing allegations.

14.    Defendants have been and are acting under color of law in threatening to fire UAPD's members unless they assign their incentive pay over to the County.

15.    Section 4201 of the HITECH Act and related federal regulations and California law provide UAPD's members with property and liberty interests in the incentive pay and continued employment. See, e.g., *Furlong v. Shalala*, 156 F.3d 384, 393 (2d Cir. 1998)

4

("professionals who provide services under a federal program such as ... Medicare have a property interest in reimbursement for their services at the 'duly promulgated reimbursement rate.'"); *Anton v. San Antonio Comm. Hosp.*, 567 P. 2d 1162, 19 Cal. 3d 802, 823 (1977)("the essential nature of a qualified physician's right to use the facilities of a hospital is a property interest which directly relates to the pursuit of his livelihood.").

16.     Section 4201 and its related regulations create rights directly enforceable by providers under section 1983 pursuant to *Wilder v. Virginia Hospital Ass'n*, 496 U.S. 498 (1990) and similar cases such as *Watson v. Weeks*, 436 F.3d 1152, 1159-62 (9th Cir. 2006), *Ball v. Rodgers*, 492 F.3d 1094, 1102-03 (9th Cir. 2007), *Cal. State Foster Parent Ass'n v. Wagner*, 624 F. 3d 974 (9th Cir.  2010) and  *ASW v. Oregon*, 424 F. 3d 970 (9th Cir. 2005).

17.     Defendants are threatening to deprive UAPD's members of their federal rights, and without due process or just compensation.

18.     In this manner Defendants are about to violate 42 USC §1983.

19.     Defendants have proceeded in their threats despite having been provided by Plaintiff an article in the ABA Health Law Section newsletter of September 2011 written by Defendants' own outside health law counsel (Abigail Wong Grigsby of Hooper, Lundy & Bookman) making the following statements about voluntary physician consent to assignment of these incentive payments:

> the hospital and the EP[Eligible Professional] may feel that assignment is an appropriate way for the hospital to recoup some of the costs associated with equipping its clinics and physicians with certified EHR technology. As assignment is voluntary, however, some EPs may simply not wish to enter into assignment agreements, opting instead to keep some or all of the EHR incentive payments, particularly where the EP has a contentious relationship with the hospital or where the EP feels that he or she is losing money based on decreased productivity while the EHR system is being implemented.  * * * In both the Medicare and Medicaid programs, assignment must be voluntary and may be made only to one entity. In other words, EPs are not required to assign their incentive payments to the hospital, even if the hospital provides them with EHR technology.
>
> (available at http://www.americanbar.org/newsletter/publications/ aba_health_esource_home/aba_health_law_esource_1109_grigsby.html)

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
CASE NO. CV-12-3790 HRL

After being provided this article and the HITECH Act language, Defendants supplied Plaintiff no contrary legal authority supporting their planned actions.

20.     Accordingly, Defendants' conduct has been willful and malicious and intended to harm Plaintiff and its members. Such conduct is outside Defendants' privileges against financial liability and warrants an award of actual and exemplary damages if the threat is carried out. WHEREFORE, Plaintiff prays as set forth below.

**SECOND CAUSE OF ACTION:**

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

21.     Plaintiff incorporates the foregoing paragraphs herein.

22.     Under California law, the at-will status of County physicians' employment does not permit the County to fire such physicians for reasons offending public policy. See, e.g., *Tameny v. Atlantic Richfield*, 27 Cal.3d 167, 172, 610 P.2d 1330, 164 Cal. Rptr. 839 (1979)(finding termination for refusal to violate federal statute tortious: "In a series of cases arising out of a variety of factual settings in which a discharge clearly violated an express statutory objective or undermined a firmly established principle of public policy, courts have recognized that an employer's traditional broad authority to discharge an at-will employee 'may be limited by statute ... or by considerations of public policy.' (*Petermann v. International Brotherhood of Teamsters* (1959) 174 Cal. App.2d 184, 188 [344 P.2d 25]." See also *Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137, 37 Cal. Rptr.2d 718 (1995)(discharge in retaliation for claiming earned compensation found wrongful termination in violation of public policy).

23.     Public policy as expressed in the HITECH Act and regulations protects the individual physicians' rights to keep EHR incentive payments and serves the public, as Congress determined the best way to maximize employees' prompt and long-term adoption of EHR systems for the benefit of patients and the government is to give these employees the right to keep such payments unless voluntarily agreed otherwise.

6

24. The County's threatened discharges of physicians for declining to assign their EHR incentive payments over to the County will be tortious under the California law of wrongful discharge.

WHEREFORE, Plaintiff prays as set forth below.

## THIRD CAUSE OF ACTION:
## DECLARATORY RELIEF

25. Plaintiff incorporates the foregoing paragraphs herein.

26. There is a live controversy between Plaintiff and Defendants as to the legality of Defendants' threatened discharges.

27. The parties' dispute as to their legal rights and obligations warrants declaratory relief from this Court under 28 USC §2201.

WHEREFORE, Plaintiff prays:

1. For a temporary restraining order, preliminary injunction and permanent injunction against Defendants and their agents, attorneys, employees and others acting in concert therewith from (a) discharging any County physician in UAPD's unit for failing to assign EHR incentive payments to the County, and (b) threatening to discharge anyone for not assigning such payment;

2. For declaratory relief holding the discharges threatened by Defendants to be unlawful under federal and state law, and holding void any assignments granted;

3. If preliminary relief is not granted, for actual damages to Plaintiff and its members from discharges or assignments in amounts to be proven at trial;

4. For an award of attorneys fees and expert fees pursuant to 42 USC §1988 and CCP §1021.5;

5. For punitive damages to area charities in an amount to be determined at trial;

6. For Plaintiff's costs of suit herein; and

7

7.      For such other and further relief as the Court deems just and proper.

DATED:  July 26, 2012                 DAVIS, COWELL & BOWE, LLP


By: /s/ Andrew J. Kahn
                Andrew J. Kahn

Attorneys for Plaintiff

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
CASE NO. CV-12-3790 HRL

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a jury trial of all issues herein triable to a jury.


By: /s/ Andrew J. Kahn
Andrew J. Kahn

Attorneys for Plaintiff

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
CASE NO. CV-12-3790 HRL

**VERIFICATION**

I, Al Groh, am a representative employed by Plaintiff UAPD to represent physicians employed by Santa Clara County and am competent to testify herein. I have reviewed the foregoing First Amended Complaint and it is true and correct. We received emails from Defendant County's management representative Alfonso Banuelos (then Santa Clara Valley Medical Center Chief Medical Officer) in 2012 advising that our members working for the County must assign their EHR incentive payments over to the County if they wish to stay employed by the County, and then this position was repeated by County Labor Relations Director Sandra Poole at the bargaining table.

I declare under penalty of perjury of the laws of the United States and California that the foregoing is true and correct.  Executed this 25th day of July 2012.

/s/ Al Groh
Al Groh

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
CASE NO. CV-12-3790 HRL